*Rodes & Petrie, for appellees.*

---

## J. R. ALLEN *v.* CHARLES D. JACOB.

**Appeal—Review—Findings of Court.**

The findings of the court on questions of fact without the intervention of a jury will not be disturbed on appeal, unless there is a decided preponderance of the evidence against them.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

December 22, 1872.

OPINION BY JUDGE HARDIN:

It is alleged in the fourth paragraph of the answer to the amended petition, and the allegation is sustained by the evidence, that the copartnership of W. E. Bogle & Co. was dissolved about the 30th of

March, 1864; and the further fact is alleged, and the evidence conduces to prove it, that immediately after the dissolution and before the delivery of any more lumber by the appellant under his contract with the firm, he was notified that the partnership was dissolved.

It appears that the appellant was fully paid for all the lumber delivered by him before the dissolution; and among other issues presented by the defense is the question whether the appellant did or not thereafter treat the contract as ended and sell and deliver the lumber, the price of which is in controversy, to Bogle alone, upon his individual account and responsibility. As the judge in trying the issues of fact acted in the place of a jury, his decision of those issues, according to a well settled rule of practice, ought not to be disturbed, as not sustained by the evidence, unless there is a decided preponderance of the evidence against it.

The record certainly discloses facts conducing strongly to support the affirmative side of the question we have mentioned. That the appellant failed to exact payment for the lumber as delivered, as he had a right to do under the original contract; and continued to furnish lumber to Bogle after the expiration of the time for delivering it under that contract; and finally on the 25th of August, 1864, made a settlement with Whitman, the agent of Bogle alone, and took from him in the individual name of Bogle, an acknowledgment of the price of the lumber importing a debt as due from Bogle individually, and not from the late firm of Bogle & Co., might have led a jury to find that Bogle individually owed the balance due the appellant, and not the late partnership; and we do not think that such a vedrict should have been set aside, on a motion for a new trial, as not sustained by the evidence.

However, if the somewhat difficult and perplexing questions of law, raised by the argument, should be determined, were it necessary to decide them, we are constrained by the evidence on the issue of fact we have stated, to conclude that the judgment ought not to be reversed.

Wherefore the judgment is *affirmed*.

*Mix, Muir & Byer, for appellant.*

*T. W. Gibson, for appellee.*